IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| STACY OLIVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 12-3444-CV-S-DW-H |
| LINDA SANDERS, Warden, United States Medical Center for Federal Prisoners, | ) ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is a petition for writ of habeas corpus filed by Petitioner Stacy Oliver, currently an inmate at the United States Medical Center for Federal Prisoners (USMCFP), pursuant to 28 U.S.C. § 2241. The matter is referred to the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(e) for a report and recommendation on the merits of the petition. For the reasons set forth below it is **RECOMMENDED** that the petition be **DISMISSED** without prejudice.

### FINDINGS OF FACT

Oliver seeks an order from the Court directing the Bureau of Prisons (BOP) to transfer him from USMCFP in Springfield, Missouri, to a BOP facility in Butner, North Carolina, to be closer to his family. He contends that Program Statement 5100.08 issued by the BOP requires prison officials to attempt to assign inmates to prisons near their families (Doc. 1).

Oliver requires kidney dialysis three times per week. The USMCFP contains a large, secure dialysis unit appropriate for an inmate with Oliver's medical needs and security classification (Doc. 6, Exh. 1, p. 2).

Oliver presented his request for transfer through the facility's administrative remedy program. The request was denied at both the institutional and regional levels. The claim remains pending in the BOP Central Office (Doc. 6, Exh. 1, p. 2).

The Court appointed the Federal Public Defender to represent Oliver (Doc. 3), and issued an Order to Show Cause why the writ should not issue (Doc. 4). The Warden responded to the show cause order (Doc. 6). The Assistant Federal Public Defender subsequently filed a motion to withdraw as Oliver's attorney, stating his claims lacked merit (Doc. 9).

### CONCLUSIONS OF LAW

Oliver has not alleged a violation of federal law that would warrant issuance of a writ of habeas corpus. Transfer of an inmate from one prison to another "does not infringe a protected liberty interest," *Vitek v. Jones*, 445 U.S. 480, 489 (1980). Nor does an inmate have a "justifiable expectation" of incarceration in a specific prison or state. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Congress delegated to the BOP sole discretion to designate a prisoner's placement in 18 U.S.C. 3261(b), which states: "The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau . . . ." In making placement decisions, the statute directs the BOP to consider 1) the resources of the facility contemplated; 2) the nature and circumstances of the offense; 3) the history and characteristics of the prisoner; 4) certain statements made by the sentencing court; and 5) policy statements issued by the BOP. The statute further states: "The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another." The Eighth Circuit has recognized the BOP's vast discretion under the statute. *See Fults v. Sanders*,

442 F.3d 1088, 1090 (8th Cir. 2006) ("There is no question that § 3621(b) provides the BOP with broad discretion to choose the location of an inmate's imprisonment.").

The BOP attempts to assign inmates to facilities "reasonably close" to their anticipated release area. BOP Program Statement 5100.08. (Doc. 6-1, Exh. 1, pp. 9-12.)  However, other factors, including an inmate's security level and his or her medical needs, are also considered. Oliver was placed at USMCFP based upon his security classification and his need for regular dialysis treatment.  Oliver's transfer request was denied at the institution and at the regional level because he was appropriately placed at a facility capable of meeting his medical needs.  The Court finds that the BOP acted within its vast discretion in designating him to the USMCFP.  The Court further finds no violation of Oliver's constitutional rights.

## CONCLUSION

Therefore, based on all the foregoing, it is hereby **RECOMMENDED** that petitioner be **DENIED** leave to proceed *in forma pauperis*, and that the petition for writ of habeas corpus be **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:  February 8, 2013**

                                       /s/ *David P. Rush*
                                       **DAVID P. RUSH**
                                       **United States Magistrate Judge**